

Bryan N. DeMatteo
bryan@demfirm.com

September 21, 2017

**VIA CM/ECF**
The Honorable District Judge Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re:   Badhouse Studios, LLC v. Doe—98.15.168.97
       Civ. A. No. 1:17-cv-07071-ER

Dear Judge Ramos:

 DeMatteo Law, PLLC represents Badhouse Studios, LLC ("Plaintiff") in the above-identified copyright infringement action against a Doe Defendant, Doe—98.15.168.97 ("Defendant").  In accordance with Local Civil Rule 37.2 and Your Honor's Individual Rules of Practice, Plaintiff respectfully requests leave to take discovery prior to a Rule 26(f) conference and, specifically, to serve a Rule 45 subpoena to obtain limited discovery from the Internet Service Provider ("ISP"), Charter Communications, Inc. a/k/a Time Warner Cable ("Time Warner Cable"), which provided access to an Internet Protocol ("IP") address used by Defendant to infringe, and an order pursuant to 47 U.S.C. § 551(c)(2)(B) authorizing Time Warner Cable to release such information to Plaintiff (*a proposed Order has been emailed to the Orders and Judgments Clerk for Your Honor's convenience*).  Plaintiff also requests that the Court grant Plaintiff leave to file an Second Amended Complaint naming Defendant, once his/her identity is known, and to postpone scheduling of a Rule 16 conference until such time.  Alternatively, Plaintiff requests a pre-motion conference, at which it will request permission to file a formal motion seeking the above-described relief.

 Plaintiff is the production company and owner of a copyright for the highly successful, mainstream motion picture, *Larceny* ("the Subject Motion Picture"), starring staring Dolph Lundgren, Jocelyn Osorio and Corbin Bernsen. D.I. 6 (First Amended Complaint) at ¶ 13, Ex. B. Through its investigators, MaverickEye UG ("MaverickEye," www.maverickeye.de), Plaintiff has learned that, without Plaintiff's authorization, Defendant individually and collectively with others used BitTorrent file-sharing software/hardware ("BitTorrent") to search for, reproduce and distribute over the Internet countless copies of the Subject Motion Picture as part of the same collective network of users, thereby individually and collectively violating Plaintiff's exclusive rights protected by the Copyright Act. *Id*. at ¶ 30.  Defendant is not a sporadic, one-time user of the BitTorrent network, but rather is a prolific, habitual user who continues to traffic in copyrighted content to this day.  Indeed, *the IP address associated with Defendant was not only observed repeatedly distributing the Subject Motion Picture using BitTorrent, but also confirmed as associated with the distribution of over five-hundred (500+) other copyrighted works*.  Making matters worse, Defendant was sent numerous Digital Millennium Copyright Act ("DMCA") notices (*see* 17 U.S.C. § 512) on behalf of Plaintiff advising and requesting immediate termination

DEMATTEO LAW
. PLLC

of the infringing conduct.[1]  Not only did Defendant continue infringing despite these notices, but MaverickEye observed Defendant making copyrighted content available for download by others as recently as two days ago.

The true identity of Defendant is currently unknown to Plaintiff.  The data provided by MaverickEye permits identification of infringement only by the IP address and geographic region used by Defendant to infringe Plaintiff's rights.  The infringing IP address set forth in Exhibit A of the First Amended Complaint was identified by MaverickEye as managed by Time Warner Cable at the time of infringement.  D.I. 6 (First Amended Complaint) at Ex. A.  ISPs, such as Time Warner Cable, maintain IP address assignment logs by date, time, time zone, port number and subscriber identity for each IP address.  If Plaintiff provides Time Warner Cable with the information set forth in Exhibit A of the First Amended Complaint, it will be able to locate and retrieve the name, postal address and email address of the subscriber assigned the IP address used to infringe Plaintiff's rights, thereby assisting Plaintiff in identifying Defendant.

A party may seek discovery prior to a Rule 26(f) conference on good cause shown.  *See* Fed. R. Civ. P. 26(d)(1); *see also In re Malibu Media Adult Film Copyright Infringement Cases*, 2015 U.S. Dist. LEXIS 74125 (E.D.N.Y. 2015) ("Courts in this [Eastern] District and in the Southern District of New York generally require a showing of 'good cause' prior to permitting expedited discovery prior to a Rule 26(f) conference.") (quoting *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)).  Courts routinely find good cause where: (1) plaintiff makes a *prima facie* showing of a claim of copyright infringement; (2) plaintiff submits a specific discovery request; (3) there is an absence of alternative means to obtain the subpoenaed information; (4) there is a central need for the subpoenaed information; and (5) defendants have a minimal expectation of privacy.  *See, e.g., Arista Records*, LLC v. Doe, 604 F. 3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Doe*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *see also Bloomberg, L.P. v. Doe*, 2013 U.S. Dist. LEXIS 130034 (S.D.N.Y. 2013); *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 141127 (S.D.N.Y. 2015).

There is good cause for the requested relief.  Plaintiff's First Amended Complaint sets forth a prima facie claim of copyright infringement.  *See* D.I. 6 (First Amended Complaint) at ¶¶ 14-15, 29-41, 49-58; Ex. B.  Plaintiff's discovery request is also specific and narrowly tailored, seeking only the name, postal address and email address of the Subscriber who provided access to the IP address used by Defendant to infringe Plaintiff's rights.  This information cannot be obtained via other means, as there are no publicly available records that identify individuals based on IP addresses managed by ISPs.  There is also a central need for this information because Plaintiff

---

[1] Pursuant to 17 U.S.C. § 512, in certain cases, ISPs may limit their liability for copyright infringement committed by their customers, *inter alia*, if they provide a means by which to receive DMCA notices from copyright owners.  These notices are typically received by the ISPs via mail or special email addresses.  The ISPs then notify and/or forward the notices to the infringing customers without divulging the customers' identities to the copyright owners.  To the extent a particular customer is not the infringer, he/she should be expected to take immediate steps to cease the infringing activity after receipt of such a notice, such as by notifying family members and ensuring that access to any home router is secure.

DEMATTEO LAW
. PLLC

cannot litigate its claims without ascertaining the identity and address of Defendant, as Plaintiff would be unable to serve process. Finally, courts in New York have found that persons engaging in the downloading and distribution of copyrighted materials have very little expectation of privacy. *See, e.g., Arista Records*, 604 F.3d at 124 (finding that a party's "expectation of privacy for sharing copyrighted [materials] through an online file-sharing network [is] insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

It is also worth noting that courts in the Southern and Eastern Districts of New York have recently granted similar motions for early discovery in other actions in which Plaintiff and its affiliates—responsible rights holders of highly respected mainstream content—have sought to stem the tidal wave of illegal BitTorrent file sharing that has decimated the movie and entertainment industry to the tune of many hundreds of billions of dollars. *See, e.g.,* Disc. Order, *Headhunter LLC v. Doe—72.226.80.162 et al.*, No. 1:17-cv-05177-LDH-ST (E.D.N.Y. Sept. 8, 2017); Disc. Order, *Headhunter LLC v. Doe—72.80.132.46 et al.*, No. 1:17-cv-05895-PAE (S.D.N.Y. Aug. 17, 2017); ECF No. 8; Disc. Order, *ME2 Productions, Inc. v. Doe—67.85.69.69 et al.*, No. 1:17-cv-05701-PGG-HBP (S.D.N.Y. Aug. 17, 2017); ECF No. 10; Disc. Order, *UN4 Productions, Inc. v. Doe—173.68.177.95 et al.*, No. 1:17-cv-03278-PKC-SMG (E.D.N.Y. June 14, 2017); ECF No. 9; Disc. Order, *ME2 Productions, Inc. v. Doe—184.75.90.162 et al.*, No. 17-cv-02645-DLC (S.D.N.Y. Apr. 18, 2017), ECF No. 11; Disc. Order Min. Entry, *ME2 Productions, Inc. v. Doe—72.226.55.88 et al.*, No. 17-cv-01604 (E.D.N.Y. Mar. 27, 2017); Disc. Order, *ME2 Productions, Inc. v. Doe—74.71.172.215 et al.*, No. 17-cv-01049-PGG (S.D.N.Y. Mar. 27, 2017), ECF No. 10; Disc. Order, *LHF Productions, Inc. v. Doe—24.146.212.177 et al.*, No. 17-cv-01530-NGG (E.D.N.Y. Mar. 24, 2017), ECF No. 9; Disc. Order Min. Entry, *ME2 Productions, Inc. v. Doe—69.125.223.48 et al.*, No. 17-cv-01196 (E.D.N.Y. Mar. 7, 2017).

For the foregoing reasons, it is respectfully requested that the Court grant Plaintiff leave to serve a third-party subpoena on Time Warner Cable and issue an order pursuant to 47 U.S.C. § 551(c)(2)(B) authorizing Time Warner Cable to release to Plaintiff the name, postal address and email address of the subscriber associated with the IP address identified in Exhibit A of the First Amended Complaint. Plaintiff also requests that the Court grant Plaintiff leave to file an Second Amended Complaint naming Defendant, once his/her identity is known, and to postpone scheduling of a Rule 16 conference until such time. Alternatively, Plaintiff requests a pre-motion conference, at which it will request permission to file a formal motion seeking the above-described relief.

                Respectfully submitted,

                DEMATTEO LAW, PLLC

                /s/ *Bryan N. DeMatteo*
                Bryan N. DeMatteo (BD 3557)
                bryan@demfirm.com
                Tel.: (866) 645-4169